In support of his claim that error was committed, appellant cites articles 248 and 296, C. C. P. 1925; also Amayo v. State, 108 Tex. Cr. R. 346, 300 S. W. 935; Pineda v. State, 100 Tex. Cr. R. 637, 273 S. W. 859. Apparently the appellant's contention that the unsigned statement should have been excluded in the trial court upon his exception thereto is sound. See Coleman v. State (Tex. Cr. App.) 20 S.W.(2d) 1060, on motion for rehearing; Hadnot v. State (Tex. Cr. App.) 54 S.W. (2d) 99; Mays v. State, 112 Tex. Cr. R. 441, 17 S.W.(2d) 59; Brown v. State, 100 Tex. Cr. R. 326, 273 S. W. 263. See, also, title 5, chapter 3, C. C. P. 1925 (article 245 et seq.).

In his testimony the appellant declared that he made no inculpatory statement and that he declined to sign the one prepared by the magistrate for the reason that it was not true. The statute controlling the introduction of statements is article 248, C. C. P. 1925, which reads as follows:

"If the accused desires to make a voluntary statement, he may do so before the examination of any witness, but not afterward. His statement shall be reduced to writing by or under the direction of the magistrate, or by the accused or his counsel, and shall be signed by the accused by affixing his name or mark, but shall not be sworn to by him. The magistrate shall attest by his own certificate and signature to the execution and signing of the statement."

To authorize the introduction in evidence of a statement such as that in the instant case, it must bear the signature of the accused and be authenticated by the signature of the magistrate. In the present instance, neither of these requisites appears from the record.

Bill No. 2 deals with the same subject as Bill No. 1.

Bill No. 3 reflects the complaint of the appellant of the refusal to read to the jury his special charge to the effect that if appellant did not kill the cow but upon finding a dead cow he hauled it to the woods and cut off part of the meat and carried it home for his own benefit, he would not be guilty of the theft of the cow. In other words, the jury should have been made to understand that although appellant hauled the cow away and cut off part of the meat for his own use, he would not be guilty of theft unless he had killed the cow. Upon the evidence before him, the court should have given the instruction to the jury.

For the reasons stated, the judgment is reversed and the cause remanded.

### CATES v. STATE.

### No. 16890.

Court of Criminal Appeals of Texas.

June 6, 1934.

Lloyd W. Davidson, State's Atty., of Austin, for the State.

KRUEGER, Judge.

The appellant was convicted of the offense of robbery, and his punishment assessed at confinement in the state penitentiary for a term of 35 years.

The record is before us without a statement of facts or bills of exception. No defect either in the indictment or procedure has been pointed out or has been perceived. No question is presented for review.

The judgment and sentence are improperly entered, in that they fail to take note of the Indeterminate Sentence Law as set forth in article 775, C. C. P. 1925, as amended by Acts 1931, c. 207 (Vernon's Ann. C. C. P. art.

604

775). The judgment and sentence will be reformed in that particular so as to declare that the appellant shall be confined in the penitentiary for a period of not less than five nor more than thirty-five years.

As reformed, the judgment is affirmed.

PER CURIAM.

The foregoing opinion of the Commission of Appeals has been examined by the judges of the Court of Criminal Appeals and approved by the court.